IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| DARON E. RILEY | ) | |
| | ) | Case No.:  21CV518 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | ) | |
| | ) | |
| TWIN CITY FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Daron Riley, through his attorneys, Egan & Richgels, S.C., sets forth as his

complaint against the Defendant, the United States of America:

### Jurisdiction and Venue

1.     This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §

2671 et seq., over which exclusive jurisdiction is vested in this Court pursuant to 28

U.S.C. § 1346(b).

2.     Venue in this Court is proper under 28 U.S.C. § 1402(b) as Plaintiff resides

within the jurisdictional boundaries of the Western District of Wisconsin and the acts and

omissions complained of occurred therein.

3.      Plaintiff Daron Riley is an adult resident of the State of Wisconsin and at all times relevant hereto Daron Riley resided within the jurisdictional boundaries of the Western District of Wisconsin.

4.      The United States of America is the proper Defendant because the tortious acts and omission alleged herein were acts and omissions by physicians, surgeons, nursing staff, and/or other medical personnel employed by and/or who were employees of the United States of America, the United States Department of Veterans Affairs, and/or The Tomah VA Medical Center in Tomah, Wisconsin, a facility, entity, and/or institution operated by and owned by the United States of America and/or the United States Department of Veterans Affairs.  In doing or omitting to have done the things alleged herein, those persons were acting within the course and scope of their authority as agents and employees of the United States of America.

5.      Defendant the US Department of Veterans Affairs (hereafter "VA"), is the agency responsible for, among other things, operating clinics, hospitals, and health care facilities to care for veterans eligible for such care.   Upon information and belief, the VA may have paid health claims and/or medical bills on behalf of Plaintiff for medical care and services rendered as a result of the injuries he sustained in the incident which is the subject of this lawsuit and/or the VA may have provided medical care and services to Plaintiff as a result of the injuries he sustained in the incident which is the subject of this lawsuit.  The VA may accordingly be entitled to reimbursement for related, paid claims and/or provided services if Plaintiff receives proceeds through settlement or judgment.

6.     Upon information and belief, Twin City Fire Insurance Company ("TCFIC") is a foreign insurance company that is licensed to and that is engaged in the business of writing automobile insurance in the State of Wisconsin.   TCFIC has made certain payments to Plaintiff with regard and related to property damage to Plaintiff's vehicle suffered as a result of the incident hereinafter alleged and TCFIC has a subrogated interest in this action and is accordingly a proper defendant herein.  Further, Plaintiff asserts no claim for affirmative relief against TCFIC.

7.     Pursuant to the Federal Tort Claims Act, an administrative claim for compensation based on the incident described herein was timely presented by Plaintiff on or about October 22, 2020.

8.     To-date, Plaintiff has not received a written denial of his administrative claim sent by certified or registered mail in compliance with the requirements of 28 U.S.C. § 2675(a).  Given that more than six months have passed since Plaintiff's administrative claim was presented, per 28 U.S.C. § 2675(a), Plaintiff may bring this suit at this time.

9.     On or about October 29, 2019, Daron E. Riley presented with chest pains to the Urgent Care Clinic at the Tomah VA Medical Center in Tomah, Wisconsin.  Mr. Riley was primarily examined and treated by Dr. Kazi Rayhan and diagnostic tests were interpreted by Dr. Christine Nardoi.

10.     At all times relevant hereto and at all times they did or failed to do the acts alleged herein, Dr. Rayhan and Dr. Nardoi were acting within the course and scope of their authority as agents and employees of the United States of America.

11.     As set forth herein, Dr. Rayhan and Dr. Nardoi were negligent in the manner in which they provided care and medical services to Daron Riley and/or evaluated Daron Riley's symptoms in that they did not use the degree of care, skill, and judgment usually exercised by the average physician in the same or similar circumstances.

12.     Dr. Rayhan's and Dr. Nardoi's negligent acts and omissions include, but are not limited to, failing to properly evaluate Daron Riley's chest pains and failing to properly diagnose and treat Daron Riley's then-ongoing myocardial infarct and/or his then-ongoing ventricular tachacardia, including, but not limited to, misreading or misinterpreting an EKG.  As a result, they wrongfully and negligently diagnosed Daron Riley with gastroesophageal reflux disease (GERD) and, despite Daron Riley's abnormal EKG, discharged him without arranging a cardiology consultation, did not discharge him before ruling out that he was having an emergent cardiac event, and/or discharged him without properly treating his cardiac event.

13.     Daron Riley was in fact suffering from an emergent cardiac event and he suffered a major heart attack while driving his vehicle home from the Urgent Care Clinic at the Tomah VA Medical Center.  As a direct and proximate result of the heart attack, he lost control of his vehicle and was involved in a serious, one-vehicle motor vehicle collision when the vehicle he was operating struck a building while traveling at a substantial speed.

14.     Daron Riley was seriously injured as a direct and proximate result of the delay associated with proper and timely treatment of his cardiac event and as a direct and

proximate result of the above motor vehicle collision.  Dr. Rayhan's and/or Dr. Nardoi's negligence was a substantial factor in causing permanent heart damage and the motor vehicle collision.

15.    The above-described negligence of Dr. Rayhan and/or Dr. Nardoi and/or the motor vehicle collision which occurred as a direct and proximate result of their negligence were substantial factors in producing severe and permanent injuries to Daron Riley, including, but not limited to, brain injury, primarily due to a closed head injury and/or anoxia, resulting in cognitive and linguistic impairment; speech difficulties; expressive aphasia; impaired mobility; issues with vision; and permanent heart damage all resulting in profound disability.

16.    As a direct and proximate result of Dr. Rayhan's and/or Dr. Nardoi's negligence and the above-described permanent injuries, Daron Riley has and/or will suffer past and future physical and mental pain, suffering, disability, loss of independence, loss of enjoyment of life, wage loss, impairment of earning capacity, past and future medical and related expenses, and other compensable injuries all to his damage in an amount to be determined by a jury.

17.    In addition, during the period of time that Daron Riley was a patient at the Urgent Care Clinic at the Tomah VA Medical Center, agents and/or employees of the United States of America, the United States Department of Veterans Affairs, the Urgent Care Clinic at the Tomah VA Medical Center, and/or the Tomah VA Medical Center other than Dr. Rayhan and/or Dr. Nardoi, including, but not limited to support staff and

employees, were negligent with respect to the care and treatment furnished to Daron Riley.

18.     At all times relevant hereto and at all times they did or failed to do the acts alleged herein, said agents and/or employees of the United States of America, the United States Department of Veterans Affairs, the Urgent Care Clinic at the Tomah VA Medical Center, and/or the Tomah VA Medical Center other than Dr. Rayhan and/or Dr. Nardoi, were acting within the course and scope of their authority as agents and employees of the United States of America.

19.     As a direct and proximate result of the aforesaid negligence of the said agents and/or employees of the United States of America, the United States Department of Veterans Affairs, the Urgent Care Clinic at the Tomah VA Medical Center, and/or the Tomah VA Medical Center, including, but not limited to, Dr. Rayhan and/or Dr. Nardoi, Daron Riley sustained serious and permanent personal injuries which have and will cause him past and future physical and mental pain, suffering, disability, loss of independence, loss of enjoyment of life, wage loss, impairment of earning capacity, past and future medical and related expenses

20.     Further, as a direct and proximate result of Defendant's negligence described above and the resulting motor vehicle collision, Plaintiff suffered severe damage to his property; specifically, damage to his motor vehicle.

WHEREFORE, Plaintiff demands judgment against the Defendants or such of them as the court may determine to be liable to the Plaintiff under the circumstances existing herein as follows:

A.   For compensatory damages in accord with the law not to exceed that which was contained in his Administrative Claim.

B.   In the event of a settlement or verdict in favor of Plaintiff, for an order declaring that the claim of Plaintiff to such settlement or verdict is paramount to any claims of any subrogated parties and for a judgment extinguishing and dismissing all subrogation claims.

C.   For Plaintiff's costs, disbursements, and attorney's fees in this action.

D.   For such other and further relief as the court deems just and equitable.

Dated this 17th day of August, 2021

**EGAN & RICHGELS, S.C.**

_____/s/ Gregory J. Egan_____
Gregory J. Egan, WI Bar# 01006495
James W. Richgels, WI Bar# 1046173
223 N. 3rd St.
La Crosse, WI  54601
Phone: 608-784-0087
Fax: 608-881-6688
*gegan@eganandrichgels.com*

**ATTORNEYS FOR PLAINTIFF**